UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DALE KOOP,

        Plaintiff,

       v.

HEALTHCARE MARKETS, INC,

        Defendant.

Case No. 24-cv-05103-DMR

**ORDER GRANTING MOTION TO SEAL**

Re: Dkt. No. 8

    Defendant and Counter-Claimant Healthcare Markets, Inc. ("HMI") filed an administrative motion to file under seal the exhibits to its answer/counterclaim. [Docket Nos. 7 (Countercl.); 8 (MTS).] Plaintiff and Counter-Defendant Dale Koop did not oppose. The court grants the motion to seal.

    In assessing whether documents may be filed under seal, there is "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The Ninth Circuit established standards governing requests to seal in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). In accordance with the strong public policy favoring access to court records, "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* at 1178. "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). Those reasons must "outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1178-79 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The court must "conscientiously balance[ ] the competing interests of the public

1   and the party who seeks to keep" the records secret. *Id.* at 1179.

2   　　　　The Ninth Circuit has "carved out an exception to the presumption of access to judicial
3   records" for "court records attached only to non-dispositive motions." *Id.* (quoting *Foltz*, 331 F.3d
4   at 1135). The court reasoned that "the public has less of a need for access to court records
5   attached only to non-dispositive motions because those documents are often 'unrelated, or only
6   tangentially related, to the underlying cause of action.'" *Id.* (quoting *Foltz*, 331 F.3d at 1135). "A
7   'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-
8   dispositive motions." *Id.* at 1180 (citing *Foltz*, 331 F.3d at 1135). HMI's answer/counterclaim is
9   a dispositive pleading. Therefore, HMI must satisfy the more demanding "compelling reasons"
10  standard. *Id.*

11  　　　　HMI seeks to seal three exhibits in their entirety: the Membership Interest Purchase
12  Agreement in which Koop sold his membership interest in Perigee Medical LLC to HMI,
13  Countercl. ¶ 3, Ex. A ("Purchase Agreement"); HMI's offer letter to Koop to employ him as Chief
14  Scientific Officer, Countercl. ¶ 30, Ex. B ("HMI Offer Letter"); and a forensic accounting report
15  by Tanner Accountants & Advisors, Countercl. ¶ 59, Ex. C ("Tanner Report").

16  　　　　There are compelling reasons to seal the exhibits. "'[S]ources of business information that
17  might harm a litigant's competitive standing' may [] constitute a compelling reason to seal . . . as
18  may a company's confidential profit, cost, and pricing information that if publicly disclosed could
19  put the company at a competitive disadvantage." *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*,
20  395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019) (citing *Nixon v. Warner Commc's Inc.*, 435 U.S.
21  589, 598 (1978); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013)); *see*
22  *also Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3
23  (N.D. Cal. Jan. 3, 2019) (granting motion to seal information that may harm the party's
24  "competitive standing and divulges terms of confidential contracts, contract negotiations, or trade
25  secrets"). The Purchase Agreement and HMI Offer Letter both reflect confidential contract
26  negotiations involving the parties. The Purchase Agreement includes confidential pricing
27  information for Perigee Medical LLC that if publicly disclosed could put HMI at a competitive
28  disadvantage. Likewise, the HMI Offer Letter contains proprietary information pertaining to

United States District Court
Northern District of California

1  HMI's business and employment practices.  As for the Tanner Report, it contains detailed records
2  of confidential business transactions and financial information which may harm HMI's
3  competitive standing if publicly disclosed.
4      At the pleading stage, the public's interest in having access to the exhibits is outweighed
5  by HMI's interest in sealing them.  The balance may change as the case develops; but HMI's
6  counterclaim does not rely on information that HMI seeks to keep secret.  HMI's motion to seal is
7  granted with respect to the pleadings.

**IT IS SO ORDERED.**

Dated: October 23, 2024

_____
Donna M. Ryu
Chief Magistrate Judge