UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE KOOP,<br><br>        Plaintiff,<br><br>    v.<br><br>HEALTHCARE MARKETS, INC,<br><br>        Defendant. | Case No. 24-cv-05103-DMR<br><br>CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY TRIAL |

1. <u>TRIAL DATE</u>

    a.    Jury trial will begin on **6/22/2026** at **8:30 a.m.** at the U.S. District Court, 1301 Clay Street, Oakland, California.  For courtroom information, please check the court's on-line calendar at www.cand.uscourts.gov one week prior to trial or contact Ivy Garcia (Judge Ryu's Courtroom Deputy) at dmrcrd@cand.uscourts.gov.

    b.    The length of trial will not exceed **5 days**.   The court may shorten the allotted time as it deems appropriate and will allocate a fixed number of hours for each side.  Court hours for the jury normally are 8:30 a.m. to 1:30 p.m., subject to the court's availability.  Counsel must be available before and after those hours and will receive instructions at the pretrial conference.

2. <u>DISCOVERY AND EXPERT DISCLOSURES</u>

    a.    All non-expert discovery shall be completed by **1/27/2026**.

    b.    Experts shall be disclosed and reports provided by **1/27/2026**.

    c.    Rebuttal experts shall be disclosed and reports provided by **2/10/2026**.

    d.    All discovery from experts shall be completed by **2/24/2026**.

3. <u>MOTIONS</u>

The last day for **hearing** dispositive motions shall be **3/26/2026** at **1:00 p.m.**

4. ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE

The parties are ordered to participate in private mediation, which shall be completed **by 6/30/2025**.

5. PRETRIAL CONFERENCE

    a. A pretrial conference shall be held on **6/10/2026** at **2:00 p.m. Lead counsel who will try the case (or the party if *pro se*) must attend.** The timing of disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall be governed by this order.

    b. **By 5/12/2026**, lead counsel shall meet and confer regarding:

        (1) Preparation and content of the joint pretrial conference statement;

        (2) Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

        (3) Settlement of the action.

    c. **By 5/22/2026** counsel and/or parties shall:

        (1) Serve and file a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

            (a) The Action.

                (i) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

                (ii) Relief Prayed. A detailed statement of all claims for relief, itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

            (b) The Factual Basis of the Action.

                (i) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable,

                (ii) Disputed Factual Issues. A plain and concise statement of all

disputed factual issues which remain to be decided.

   (iii) Agreed Statement.  An assessment of whether all or part of the action may be presented upon agreed facts.

   (iv) Stipulations.  Proposed stipulations, including facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

 (c) Disputed Legal Issues.

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions.

 (d) Trial Preparation.

   (i) Witnesses to Be Called.  With regard to witnesses disclosed pursuant to Federal Civil Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

   (ii) Estimate of Trial Time.  An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

   (iii) Use of Discovery Responses.  Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness page and line references, from interrogatory answers, or from responses to requests for admission.

 (e) Trial Alternatives and Options.

   (i) Settlement Discussion.  A statement summarizing the status of settlement negotiations and indicating whether further

negotiations are likely to be productive.

   (ii) Amendments, Dismissals.  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

 (f) Miscellaneous.

Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2) Serve and file trial briefs, motions <u>in limine</u> (including any motion regarding the qualifications or testimony or any expert witness), proposed voir dire questions, jury instructions, verdict forms and excerpts from discovery that will be offered at trial (include a copy of the deposition testimony or admission).  The parties shall submit proposed jury instructions **jointly**.  If there are any instructions on which the parties cannot agree, those instructions may be submitted separately.  The parties shall submit a **jointly prepared** proposed verdict form, or, if the parties cannot agree, their respective proposals;

(3) Serve and file an exhibit setting forth the qualifications and experience for each expert witness;

(4) Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

(5) Exchange exhibits which shall be premarked.  Exhibits must be labeled in the lower right-hand corner with the exhibit number in a prominent, bold typeface; and

(6) Deliver a bench binder with the party's exhibits, separated with label dividers.

No party will be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement without leave of the court upon a showing of good cause.

      d.    **By 6/1/2026**, after meeting and conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file: (1) any objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to witnesses, including the qualifications of an expert witness; (3) any objection to proposed voir dire questions, jury instructions and verdict forms that the parties have been unable in good faith to resolve; (4) any opposition to a motion in limine. No replies shall be filed.

      e.    All motions in limine and objections shall be heard at the pretrial conference.

6.    JURY TRIAL

      a.    The jury venire members will receive a standard voir dire questionnaire from the court's jury department through the jury summons process. The court will conduct limited voir dire based on the responses to the voir dire questionnaire and will also consider asking some agreed upon voir dire questions submitted jointly by the parties. Any voir dire questions on which counsel cannot agree shall be submitted separately. Counsel will be allowed brief follow-up voir dire after the court's questioning.

      b.    The following jury instructions from the Ninth Circuit Manual of Model Civil Jury Instructions (available on the Ninth Circuit website at www.ce9.uscourts.gov) shall be given absent objection: 1.1-1.2, 1.6-1.18, 3.1-3.3. Counsel shall submit jointly an agreed upon set of case specific instructions, using the Ninth Circuit Manual where appropriate. Do not submit duplicates of those listed above. Any instructions on which counsel cannot agree may be submitted separately. Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based and a reference to the party submitting it. A second blind copy of each instruction and verdict form shall also be submitted omitting the citation to authority and the reference to the submitting party.

7.    All documents filed with the Clerk of the Court shall list the civil case number followed by the initials "DMR". One copy shall be clearly marked as a chambers copy. Chambers' copies shall be three-hole punched at the left side, suitable for insertion into standard binders. In addition, Counsel shall email copies of all proposed jury instructions, motions in limine, forms of verdict and trial briefs in a standard word processing format (and not .pdf format) to

1 | dmrpo@cand.uscourts.gov.

2 | **IT IS SO ORDERED.**

3 | Dated: December 19, 2024

DONNA M. RYU
Chief Magistrate Judge