UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DALE KOOP,

        Plaintiff,

    v.

HEALTHCARE MARKETS, INC,

        Defendant.

Case No. 24-cv-05103-ASK

**ORDER RE DISCOVERY DISPUTE LETTER**

Re: Dkt. Nos. 56, 57

Defendant Healthcare Markets, Inc. ("HMI") has filed a motion to compel that presents the following scenario: Plaintiff Dr. Dale Koop claims to have produced a .mbox file (a file format for emails used by, among other things, certain Apple products) containing the contents of several email accounts in their native format. Dr. Koop personally generated and exported the file to his own counsel, who is a solo practitioner. Dr. Koop's counsel can review the documents, including the attachments associated with particular emails. Dr. Koop's counsel has produced the documents to HMI's counsel, a large national firm with over a thousand lawyers, nearly thirty offices, and, as relevant here, an internal e-discovery department. HMI contends that the emails are unreadable and produced inconsistently with "standard industry practices." In support, HMI submits a declaration from its counsel's in-house e-discovery professional. That e-discovery professional avers that the file is not an .mbox file at all. Instead, the produced file stores emails and attachments separately, such that she is unable to match attachments with the emails to which they belong. HMI seeks to compel Dr. Koop to produce the documents "in a format that can be utilized by HMI." However, a review of the meet-and-confer correspondence between the parties makes clear that what HMI truly seeks, via that vague request, is to compel Dr. Koop or his counsel to hire an e-discovery vendor to collect and produce the documents. The amount in dispute in this case—including counterclaims—appears to be on the order of one million dollars.

HMI's motion is **DENIED** without prejudice. The parties have failed to meet and confer adequately. Apparently, Dr. Koop's counsel—who does not hold himself out to be an e-discovery expert—is able to review the emails with their attachments. HMI's counsel, aided by an e-discovery expert, seem to gloss over and ultimately ignore this inconvenient fact. There is no record evidence of the parties attempting to figure out why it is that Dr. Koop's counsel can review the produced file in a manner that allows him to associate emails with their corresponding attachments.

Several options seem plausible from this record:

- Dr. Koop could hire an e-discovery vendor to collect and produce the documents, as HMI demands. As explained further below, the Court is disinclined to compel that result at this point, given the lack of record evidence as to cost and given Dr. Koop's counsel's ability to review the documents at issue. But the Court may nevertheless adopt HMI's proposal.

- HMI's counsel can attempt to review the documents in the same manner as Dr. Koop's counsel has. There is no evidence that HMI's counsel has even attempted this.

- Dr. Koop can offer for inspection the native file and/or computer from which he is able to review the emails. Dr. Koop has apparently not offered this option.

- The parties can retain an independent, third-party vendor to collect the documents. So long as the vendor does not view HMI as its client (or sole client), the Court is inclined to give a declaration from an independent vendor significant weight (if a further dispute develops). Perhaps HMI should foot the cost for such an expert, given HMI's issue reviewing the documents; or perhaps the parties should split the costs.

Ultimately, not every case is an expensive e-discovery case. The Court is aware that "industry standards" have developed as electronic discovery has proliferated. But those industry standards are not legal standards and do not bind courts. The fact that larger, well-heeled law firms can afford expensive solutions does not convince the Court to force smaller adversaries to adopt

United States District Court
Northern District of California

the same.

At the same time, Dr. Koop has an obligation to produce the documents in a usable format. If an issue arises, it is the producing party's obligation to propose solutions, not just objections. Additionally, particularly given the way Dr. Koop has attempted to produce documents in the past, the Court does not write off HMI's e-discovery expert's observation that there is a problem with the .mbox file.

The Court expresses frustration with both parties and expects both to try harder to resolve this issue. If they still cannot do so, they should return to the Court promptly. If they do return on this issue, the Court may well compel one of the solutions outlined above, with its decision heavily influenced by an inquiry into which party has been more reasonable or helpful in solving the instant problem.

With respect to the request to extend discovery, the parties can address that in their upcoming case management conference statement. When they request an extension of the discovery period, they should identify the discovery that remains and explain how they diligently utilized the discovery period that has elapsed. The current detail-free request for a three-month extension is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 5, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge

3