United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE KOOP,<br>Plaintiff,<br>v.<br>HEALTHCARE MARKETS, INC,<br>Defendant. | Case No. 24-cv-05103-ASK<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 70 |

On September 2, 2026, Plaintiff Dr. Dale Koop, via counsel, unilaterally submitted a discovery dispute letter complaining about the format of documents that Defendant Healthcare Markets, Inc. ("HMI") had recently produced. Dkt. 70. That unilaterally submitted letter violated this Court's Civil Standing Order, as there was no apparent effort to meet and confer or to submit a joint letter. Rather than briefing the issues as required, the letter attached meet-and-confer correspondence that exceeded the page limit.

Dr. Koop's discovery letter also ended with the following plea: "As time is not our ally here in this case any longer, Plaintiff requests the Court's review and earliest opportunity to be heard on this discovery dispute for resolution." Dkt. 70 at 1. Accordingly, on the same day that Dr. Koop filed the letter, the Court set a hearing for the following day, September 3, 2026, at 2:30 p.m.

Counsel for Dr. Koop failed to appear for that hearing. The Court is perplexed and frustrated. If counsel for Dr. Koop believed his discovery dispute was so urgent that he needed to violate the Court's rules and request a hearing at the "earliest opportunity," then the Court would have expected said counsel to keep an eye on the docket for the setting of such a hearing and make sure to attend, or, at the least, to notify the Court in advance if he could not attend. Counsel for Dr.

United States District Court
Northern District of California

Koop did neither.

## I. ISSUES RAISED BY DR. KOOP

As to the merits, Dr. Koop's complaint appears to be, at least in part, that HMI's document production came in the format of "approximately 24,000 documents in generic folders labeled Native, Text and Image," without load files, searchable text, document boundaries, family relationships, or material metadata, and with every file being individually password-protected. More broadly, Dr. Koop complains that HMI either had to produce documents in the manner they are maintained in the ordinary course of business, or correlate the produced documents to particular discovery requests, as required by Rule 34(b)(2)(E)(i). Dr. Koop's counsel emailed a lengthy version of these complaints to HMI's counsel on Friday, August 28, 2026.

On Wednesday, September 2, 2026, at 9:51 a.m., HMI's counsel responded by email. HMI's responsive email offers a blanket denial, contending that Dr. Koop's meet-and-confer correspondence "appears to be a vague template letter suggesting deficiencies with HMI's production that do not exist (e.g. password protections, lack of searchable text, etc.)." Dkt. 70 at 7. The email also insists that the production was "in industry standard format with metadata preserved." *Id*. Accordingly, at least with respect to password protections, lack of searchable text, and metadata, HMI offered specific denials.

HMI's email also provides an unhelpful suggestion, namely: "To the extent any of these suggested deficiencies actually exist, please identify them (and the Bates number of the affected document), and we will review and provide a response." *Id*. The problem with this statement is that Dr. Koop's counsel did identify the alleged deficiencies with particularity, and, given the nature of the complaint, it would have made no sense to list the Bates number of the affected document, as the alleged issue pervaded the entire document production.

Nevertheless, given HMI's denials, the Court would have expected Dr. Koop's counsel to have re-reviewed the document production, likely with the assistance of someone knowledgeable about e-discovery and document productions, to confirm that his allegations about HMI's document production were true. And perhaps Dr. Koop's counsel did exactly that, or perhaps Dr. Koop's counsel is himself an e-discovery expert. The Court cannot be sure. Regardless, what Dr.

Koop's counsel did next—apparently less than two hours after receiving HMI's counsel's letter—was to file the discovery dispute letter currently at issue, insisting on a hearing at the "earliest opportunity." There was no effort to submit a joint letter, as the Court's Standing Order required. Nor does the unilaterally filed discovery dispute letter contain any evidence—such as a technical declaration or screenshots—tending to prove Dr. Koop's contention that the document production was defective. It is unclear how Dr. Koop's counsel contemplated that the Court would resolve this dispute involving conflicting characterizations of HMI's document production. Notably, HMI could have submitted its own unilateral discovery dispute letter responding to Dr. Koop's, with such a technical declaration or screenshots supporting its position attached. It did not do so either.

From the Court's perspective, it is very likely that one of the parties was very wrong about the nature and format of the HMI document production. If Dr. Koop's counsel failed to accurately inspect or understand the HMI document production before rushing to Court without adequately meeting and conferring, then he has rashly wasted a significant amount of Court and party time and resources. If HMI failed to check its document production and baselessly dismissed Dr. Koop's complaint letter, then it is the responsible party.

Either way, the parties are ordered to get to the bottom of this issue by no later than tomorrow, **September 4, 2026**, and either resolve it, or request a hearing from the Court, and offer times at which they are mutually available between **10:30 a.m. and 4:00 p.m. on Tuesday, September 8, 2026**. They should request the hearing by no later than **4:00 p.m. on September 4, 2026**. The parties are welcome and encouraged to have any relevant e-discovery personnel attend the hearing. If unresolved disputes remain that necessitate a hearing, the parties should each submit written argument that presents the issues (limited to 1.5 pages per side) and attach evidence (limited to 5 pages per side) by **September 7, 2026**. Such submissions need not be in the form of a joint submission.

## II. ISSUES RAISED BY HMI

For its part, HMI has raised in its September 2, 2026, email to Dr. Koop the fact that Dr. Koop failed to comply with this Court's September 1, 2026, deadline to produce documents the parties had discussed but had not yet been produced. The Court is hopeful that those documents

United States District Court
Northern District of California

are produced by any hearing on September 8, 2026. Given Dr. Koop's counsel's recognition that "time is not our ally here in this case any longer," and his eagerness to rush to Court, the Court expects that Dr. Koop will comply with his own discovery obligations with equal alacrity.

* * *

In light of the above, Dr. Koop's September 2, 2026 dispute letter (Dkt. 70), which the Court interprets as a motion to compel, is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: September 3, 2026

AJAY KRISHNAN
United States Magistrate Judge